**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | 2:17-CR-189-2 |
| | * | |
| VS. | * | 3:34 p.m. to 3:50 p.m. |
| | * | |
| VANESA GONZALES AKA I A | * | |
| WOMAN | * | AUGUST 8, 2017 |

**HEARING ON PRETRIAL CONFERENCE
BEFORE THE HONORABLE JOHN D. RAINEY
Day 1 of 1 Day**

**APPEARANCES:**

**FOR THE UNITED STATES OF AMERICA:**
Mr. Robert Douglas Thorpe, Jr.
Assistant United States Attorney
800 North Shoreline
Suite 500
Corpus Christi, Texas  78401
(361) 888-3111

**FOR THE DEFENDANT:**
Mr. Nathan Parker Fugate
Attorney at Law
201 E. Henrietta Avenue
Kingsville, Texas 78363
(361) 592-2412


Court Reporter:
Laura Wells, RPR, RMR, CRR
515 Rusk, Suite 8004
Houston, Texas 77002

Proceedings recorded by mechanical stenography.
Transcript produced by computer-assisted transcription.

```
 1                        PROCEEDINGS
 2           THE COURT:  The Court will call C-17-189, United
 3   States of America vs. Vanesa Gonzales.
 4           MR. THORPE:  Robert Thorpe for the United States.
 5           MR. FUGATE:  Nathan Fugate for Vanesa Gonzales.
 6           THE COURT:  All right.  This is a pretrial
 7   conference on Ms. Gonzales' case.  Mr. Fugate, you came on
 8   board to represent her after I allowed another lawyer to
 9   withdraw.
10       Where do we stand on this case, Mr. Fugate?  What do
11   we want to do?
12           MR. FUGATE:  Your Honor, today regarding this
13   pretrial conference the defense is asking for a
14   continuance in this in the interest of justice.
15           THE COURT:  Okay.  All right.
16           MR. FUGATE:  And so, we would ask for one more
17   pretrial, Your Honor, if the Court would give that to us.
18           THE COURT:  Is that opposed by the government?
19           MR. THORPE:  No objection, Your Honor.  There is
20   voluminous discovery in this case.
21           THE COURT:  I'll grant that.  How much time are
22   you anticipating?  60?
23           MR. FUGATE:  That should be enough, Your Honor.
24           THE COURT:  Okay.  Let me look at the calendar.
25   Today is August the 8th.  Put this case on the October --
```

*Laura Wells, CRR, RDR*

```
03:35:43        1         Stacie, is the 16th and 17th is it too full?  Is one
                2    of them more full than the other?
                3              CASE MANAGER:  You said October 16th and 17th,
                4    Your Honor?
                5              THE COURT:  We're going to do 60 days on the
                6    continuance.
                7              CASE MANAGER:  Yes, sir.  Pretrial in the
                8    morning, we could do October 16th.  We could do 10:45 or
                9    11:00, either one.  Do you want to set it at 10:45?
03:36:07       10              THE COURT:  Set it at -- is there an 11:15 open?
               11              CASE MANAGER:  The 11:15 is taken, but we could
               12    actually set it at 11:30.
               13              THE COURT:  Let's do 11:30 on October the 16th.
               14         Also, Ms. Gonzales is present.  You heard and
03:36:30       15    understood all that, Ms. Gonzales?
               16              THE DEFENDANT:  (Tendering document.)
               17              CASE MANAGER:  No.  You need to speak out.  You
               18    need to speak out on the record.  It has to be oral.
               19              THE COURT:  Did you hear what I said about
03:36:38       20    resetting your case?
               21              THE DEFENDANT:  I wish to communicate in the form
               22    of writing.  I wish to answer the Court in the form of
               23    writing.
               24              THE COURT:  You wish to address me in writing?
03:36:46       25              THE DEFENDANT:  Yes.
```

*Laura Wells, CRR, RDR*

```
                1       THE COURT:  If you have something written, hand
                2  it to Stacie.
                3       THE DEFENDANT:  Yes.  Yes.
                4    (Tendering document to case manager.)
03:37:00        5       CASE MANAGER:  (Tendering document to The Court.)
                6       THE COURT:  Okay.  I will allow you to address
                7  the Court in writing.  Did you have something else?
                8       THE DEFENDANT:  Yes.
                9       THE COURT:  Okay.  All right.  Hand that to me.
03:37:07       10       THE DEFENDANT:  (Tendering document to case
               11  manager.)
               12       CASE MANAGER:  (Tendering document to The Court.)
               13       THE COURT:  Ms. Gonzales, if I understand the
               14  inquiry, you request clarification about whose case this
03:38:57       15  is 2:17-CR-189.  Is it Robert's case?  Is it Vanesa's
               16  case?  Is it John's case?  Whose case it?
               17     The answer is this case involves you and Elias
               18  Trevino.  You were both indicted.  That's whose case it
               19  is.  It was brought by the government.  There are 15 or 16
03:39:19       20  counts in the indictment.  That's whose case it is.
               21     I don't know who you are referring to as Robert or
               22  John; but the case is the government, the United States
               23  against you and Elias Trevino.
               24       THE DEFENDANT:  (Tendering document to case
03:39:26       25  manager.)
```

*Laura Wells, CRR, RDR*

```
 1              CASE MANAGER:  Here you go, Judge.
 2              THE COURT:  You are expressing some -- you
 3   request that Mr. Thorpe answer your communications.
 4       He is not supposed to answer your communications.  You
 5   are represented by a lawyer.  He is prohibited by a code
 6   of ethics from addressing you directly and talking to you
 7   directly.  He must go through your lawyer.  He cannot
 8   respond to you.  That is a violation of our code of
 9   ethics.  He could be disbarred for that.
10       So there is no reason for you to write him or contact
11   him or do anything else.  You must go through your lawyer.
12              MR. THORPE:  Your Honor, to clarify, when I have
13   received communications from the defendant I have
14   forwarded them to her attorney, either previous counsel or
15   current counsel.
16              THE COURT:  Very well.  That's what you should
17   do.
18       I don't really understand some of these other things
19   you have written.  I am not sure.  "I gave notice to the
20   Court I accept not the counsel."  I would have to try to
21   interpret that, but I would interpret that as that you do
22   not accept Mr. Fugate as your lawyer.
23              THE DEFENDANT:  (Tendering document to case
24   manager.)
25              CASE MANAGER:  (Tendering document to The Court.)
```

*Laura Wells, CRR, RDR*

```
 1              THE COURT:  Okay.  All right.  Well, this is the
 2   second lawyer you have had.  He is going to stay on your
 3   case.
 4       Ms. Gonzales, I am disturbed by the -- you have been
 5   writing me, and this information that you've just given me
 6   I am -- it is somewhat incoherent.  Some of it I don't
 7   even understand.  I am going to --
 8              THE DEFENDANT:  (Tendering document to case
 9   manager.)
10              CASE MANAGER:  Judge, here is more.
11              THE COURT:  You can stop right now.  I'm going to
12   tell you something.  I'm going to have you evaluated.  I
13   am concerned about your mental competency based upon what
14   you have written to the Court and the manner in which you
15   are presenting this.
16       Mr. Fugate, I would ask you to file a motion.  If -- I
17   would consider a local doctor to do the evaluation, if you
18   could get me an estimate on that.  Otherwise, I'm going to
19   have her evaluated at the BOP; but I will give you an
20   opportunity, first, to suggest someone locally to have her
21   evaluated.
22       We'll continue this case, as I said, Ms. Gonzales, for
23   60 days; but I am going to have you evaluated before we
24   proceed any further.
25              THE DEFENDANT:  (Displaying document.)
```

*Laura Wells, CRR, RDR*

```
 1              THE COURT:  I can't read that from here.
 2              THE DEFENDANT:  (Tendering document to case
 3  manager.)
 4              CASE MANAGER:  (Tendering document to The Court.)
 5              THE COURT:  It will be an order.  It is a verbal
 6  order right now, and I will sign a written order once I
 7  get the motion and consider who I will have to do the
 8  evaluation.
 9              THE DEFENDANT:  (Displaying document.)
10              THE COURT:  Again, my eyes aren't worth a flip
11  from that distance.  You would have to write with a
12  Sharpie in real large letters for me to read it from here.
13              THE DEFENDANT:  (Tendering document to case
14  manager.)
15              CASE MANAGER:  (Tendering document to The Court.)
16              THE COURT:  Okay. All right. Mr. Fugate will be
17  in touch with you to give you directions on where to
18  report for the evaluation.  Once the evaluation is done,
19  then we will discuss the results and how we are going to
20  proceed in this case at the next pretrial conference.
21              MR. FUGATE:  Just on that, Your Honor, I will
22  work on that order.  Your Honor, we may need the
23  assistance of pretrial services on directing when to show
24  up.
25              THE COURT:  Okay.  Sure.  Okay.  All right.
```

*Laura Wells, CRR, RDR*

```
 1  Okay.
 2          MR. FUGATE:  That's all, Your Honor.
 3          THE COURT:  Very well.
 4          MR. THORPE:  Your Honor, to be clear, previously
 5  the Court had asked the defendant if she understood the
 6  date and time of her next hearing.  I don't know that she
 7  ever either in writing or orally indicated she did
 8  understand the time of her next hearing.
 9          THE COURT:  October the -- I believe we said the
10  16th --
11          CASE MANAGER:  Yes, Your Honor.
12          THE COURT:  -- at 11:30 a.m.
13     Do you understand that that is when you need to be
14  back in court for your next hearing, Ms. Gonzales?  Write
15  a big "yes" if you do.
16          THE DEFENDANT:  (Displaying document.)
17          CASE MANAGER:  She said no, Your Honor.
18          THE COURT:  You don't understand you are supposed
19  to be back in court on October the 16th at 11:30?
20          THE DEFENDANT:  (Tendering document to case
21  manager.)
22          CASE MANAGER:  (Tendering document to The Court.)
23          THE COURT:  I don't understand any of this.  What
24  I need you -- why don't you speak?  What I need to know
25  is:  Do you understand you are supposed to be back in
```

*Laura Wells, CRR, RDR*

```
            1  court at 11:30 a.m. on October the 16th for a pretrial
            2  conference?  Either you do or you don't.
            3          MR. FUGATE:  Your Honor --
            4          THE COURT:  Just one second.
03:46:36    5          THE DEFENDANT:  (Tendering document to case
            6  manager.)
            7          THE COURT:  Tell me what it is.
            8          CASE MANAGER:  It says, "Give it to I a woman."
            9          THE DEFENDANT:  (Tendering document to case
03:46:42   10  manager.)
           11          CASE MANAGER:  (Tendering document to The Court.)
           12          THE COURT:  You can.  Do you read English?
           13  Ms. Gonzales, do you read English?
           14          THE DEFENDANT:  (Tendering document to case
03:47:26   15  manager.)
           16          CASE MANAGER:  (Tendering document to The Court.)
           17          THE COURT:  You want me to put it in writing.
           18  This says you are to return to court on October 16th,
           19  2017, at 11:30 a.m.  That's your request.  I have put it
03:47:50   20  in writing.
           21     Hand it to her, Stacie.
           22          CASE MANAGER:  Yes, sir.
           23          THE COURT:  Don't write anything else.  Do you
           24  acknowledge you are supposed to be in court on that day at
03:47:59   25  that time?
```

*Laura Wells, CRR, RDR*

|          |    |                                                                       |
|----------|----|-----------------------------------------------------------------------|
|          | 1  | THE DEFENDANT:  (Tendering document to case                           |
|          | 2  | manager.)                                                             |
|          | 3  | THE COURT:  Hand it up.                                               |
|          | 4  | CASE MANAGER:  (Tendering document to The Court.)                     |
| 03:48:15 | 5  | THE COURT:  That is an order.  Do you understand                      |
|          | 6  | you are going to -- are you going to be back in court on              |
|          | 7  | October the 16th at 11:30 a.m.?                                       |
|          | 8  | THE DEFENDANT:  (Tendering document to case                           |
|          | 9  | manager.)                                                             |
| 03:48:43 | 10 | CASE MANAGER:  (Tendering document to The Court.)                     |
|          | 11 | THE COURT:  Okay.  All right.                                         |
|          | 12 | MR. FUGATE:  May we be excused?                                       |
|          | 13 | THE COURT:  We will close the hearing.                                |
|          | 14 | Ms. Gonzales, one other thing.  Do not communicate with               |
| 03:49:06 | 15 | me.  Go through your lawyer on any communication you want             |
|          | 16 | to direct to me.  I only receive these type of things in              |
|          | 17 | court, but I do not receive them at my office.                        |
|          | 18 | Mr. Fugate, one other thing.  I'm going to take all of                |
|          | 19 | these written documents; and I'm going to have them                   |
| 03:49:38 | 20 | docketed under seal and give them a docket number and                 |
|          | 21 | indicate that these were produced in court by the                     |
|          | 22 | defendant.  Okay.                                                     |
|          | 23 | MR. FUGATE:  Thank you, Judge.                                        |
|          | 24 | THE COURT:  A record needs to be made of what she                     |
| 03:49:48 | 25 | is doing.  All right.  Very well.                                     |

*Laura Wells, CRR, RDR*

```
                 1          CASE MANAGER:  Do I need to provide a copy to the
                 2    two parties since they won't have access?
                 3          THE COURT:  Since they were sealed and held in
                 4    open court, yes.
03:49:59         5          CASE MANAGER:  I'll make sure you guys get a set.
                 6    Thank you.
                 7          THE COURT:  Very well.  Thank you.  Mr. Fugate.
                 8          MR. FUGATE:  Yes, Judge.
                 9          THE COURT:  I just want to mention that if the
03:50:10        10    answer was no to my last question, she is going into
                11    custody.  You need to make her aware of that because if
                12    that was a no answer, she is in custody today; and she is
                13    going to get evaluated in the BOP.
                14          MR. FUGATE:  "He is going to throw you in jail,"
03:50:28        15    that's what I said.
                16          THE COURT:  That's exactly what was fixing to
                17    happen.
                18       (Proceedings concluded at 3:50 p.m.)
                19    Date: August 10, 2017
                20              COURT REPORTER'S CERTIFICATE
                21       I, Laura Wells, certify that the foregoing is a
                22    correct transcript from the record of proceedings in the
                23    above-entitled matter.
                24                      /s/ Laura Wells
                25                 Laura Wells, CRR, RMR
                                    Laura Wells, CRR, RDR
```